Laramore, Judge,
delivered the opinion of the court:
The three plaintiff contractors sue to recover their increased costs of performance resulting from a 38-day strike, precipitated by action of the Government in placing nonunion civil service employees in charge of heating facilities, affecting plaintiffs’ building construction work at the Platts-burgh Air Force Base in December of 1955 and January of 1956.
The claims were presented to, and were rejected by, the Corps of Engineers’ Claims and Appeals Board, and thereafter by the Armed Services Board of Contract Appeals.
The claims arise out of the same facts as are presented by the case of T. C. Bateson Construction Company v. United States, this day decided, ante, p. 145. The facts are fully set forth in the Bateson decision, sufra, and will not be repeated here.
Since the contract provisions and the issues involved in the case at bar are identical to those involved in the Bateson case, we need only to say that our decision in the Bateson case is dispositive of the issues in this case. As a matter of fact, the facts in this case present a stronger case for plaintiffs. In. the instant case plaintiffs’ construction work was *190 being performed on buildings unconnected with the Bateson construction. When the strike was called and picket lines established by the unions these plaintiffs were powerless to act. They could only close down until something was done in the Bateson construction contract.
We think in this case, like the Bateson case, supra, the contracting officer should have suspended the work and made an equitable adjustment in the contract price, taking into effect the losses suffered by reason of the delay.
Under the circumstances plaintiffs are entitled to recover, and judgment is entered to that effect.
Accordingly, plaintiffs’ motion for summary judgment is granted and defendant’s cross-motion is denied. The amount of recovery will be determined pursuant to Rule 38(c) of the rules of this court.